UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
YOLANDA GATTLING,

                                            Plaintiff,

    -against-

MAHMUDUL BHUIYAN; MADHU SHIBU; and
"JOHN and JANE DOE 1-10" (individually and in
their official capacities, the names John Doe being
fictitious, as the true names are presently unknown),

                                       Defendants.
------------------------------------------------------------------------X

*__FIRST AMENDED
COMPLAINT AND
JURY DEMAND__*

Docket No.
1:15-cv-3761

ECF CASE

Plaintiff Yolanda Gattling, by her attorney John Pau DeVerna, of DeVerna Law, for his

complaint against Defendants alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

2. Defendants' counsel, Deborah L. Mbabazi, Esq. consents to the filing of this first

amended complaint.

3. The claim arises from an April 29, 2015 incident in which Defendants, acting under

color of state law, unlawfully stopped and arrested Ms. Gattling without probable cause. Ms.

Gattling initially spent approximately five hours unlawfully in police custody, before being given a

Desk Appearance Ticket. On May 28th, 2015, Ms. Gattling's case was dismissed and sealed in her favor.

4. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

5. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

6. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

7. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

8. Plaintiff Yolanda Gattling ("Ms. Gattling") resided at all times here relevant in King's County, City and State of New York. Ms. Gattling was employed as a Teacher's Aide for the Department of Education, through the ExecuSearch Group.

9. Police Officer Mahmudul Bhuiyan, Shield No. 19636 ("Bhuiyan") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Bhuiyan was, at the time relevant herein, a Police Officer under Shield # 19636 of the 75th Precinct. Defendant Bhuiyan is sued in his individual capacity.

10. Sergeant Madhu Shibu, Tax No. 944754 ("Shibu") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Shibu was, at the time relevant herein, a sergeant with Tax No. 944754 of the 75th Precinct. Defendant Shibu is sued in his individual capacity.

11. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL CHARGES**

14. On April 29, 2015, at approximately 9:00 P.M., Ms. Gattling was inside her apartment building located at 585 Blake Avenue, in Brooklyn, New York.

15. Ms. Gattling was standing in the hallway of the 4th floor of her building making a phone call.

16. Ms. Gattling was not committing any crime or violating any law or local ordinance.

17. The Defendants, including Defendant Bhuiyan and Shibu, unlawfully stopped Ms. Gattling on the 4th floor hallway/stairway area.

3

18. The Defendants did not observe Ms. Gattling commit any crime or infraction.

19. Defendants, acting in concert, including Defendant Bhuiyan and Shibu grabbed Ms. Gattling's hands and unlawfully put handcuffs on her.

20. Defendants did not have probable cause or reasonable suspicion to detain or arrest Ms. Gattling.

21. Ms. Gattling did not resist arrest.

22. Defendants, including Defendant Bhuiyan, placed Ms. Gattling in handcuffs and searched her person without her authority or permission.

23. No contraband or anything of illegality was found on Ms. Gattling.

24. Defendants, including Bhuiyan and Shibu, placed Ms. Gattling under arrest and transported her to the precinct.

25. Defendant Bhuiyan issued Ms. Gattling a Desk Appearance Ticket for Court on May 28, 2015.

26. Defendants, including Bhuiyan and Shibu, acting in concert and with malice, conveyed false information to prosecutors in order to have Plaintiff prosecuted for Criminal Possession of Marijuana in the Fifth Degree and other related charges.

27. Defendants, including Defendant Bhuiyan, prepared false sworn affidavits and false police reports relating to Ms. Gattling's arrest.

28. Ms. Gattling spent approximately 5 hours unlawfully in police custody.

29. On May 28, 2015, Ms. Gattling reluctantly accepted an Adjournment in Contemplation of Dismissal with immediate sealing.

30. Ms. Gattling was suspended from her job as a Teacher's Aide for approximately 30 days by the Department of Education as a result of this arrest.

31. At all times relevant hereto, Defendants were involved in the decision to arrest Ms. Gattling without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Ms. Gattling without probable cause.

32. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Ms. Gattling and violate his civil rights.

33. As a direct and proximate result of the acts of Defendants, Ms. Gattling suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

34. The above paragraphs are here incorporated by reference as though fully set forth.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

37. The above paragraphs are here incorporated by reference as though fully set forth.

38. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

39. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

41. The above paragraphs are here incorporated by reference as though fully set forth.

42. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Ms. Gattling possessed marijuana.

43. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

46. The above paragraphs are here incorporated by reference as though fully set forth.

47. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

48. Accordingly, the Defendants who failed to intervene violated the Fourth and

Fourteenth Amendments.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d)   Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 16, 2016
New York, New York                    Respectfully submitted,

*John Pau DeVerna, Esq.*
Bar Number: JD4332
Attorney for Ms. Gattling
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025- PHONE
(212) 321-0024- FAX
jpd@mynylawyer.com

7